Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6408 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Trevelyan Fugere

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trevelyan Fugere,<br><br>    Plaintiff,<br><br>  vs.<br><br>1&1 Internet, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:  3:13-cv-01180-DMS-DHB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES

# INTRODUCTION

1. Plaintiff brings this First Amended Complaint as a class action for damages, injunctive relief, on behalf of himself and members of the prospective class, based illegal conduct of 1&1 Internet Inc. ("1&1" or "Defendant"), in systematically and continuously placing calls to cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.,* ("TCPA").

2. Plaintiff alleges as follows based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The TCPA was enacted by Congress to address problems of widespread abusive telemarketing practices, and to protect against repeated unwanted intrusions into the privacy of citizens like Plaintiff, and all persons whom he seeks to represent on their behalf.

4. Among other prohibitions, Congress made it unlawful to intrude into peoples' rights to be free from annoying and unwelcome calls to their cellular telephones. In particular, 47 U.S.C. § 227(1)(A)(iii) prohibits placing telephone calls using an automated telephone dialing system ("ATDS") to a cellular phone without having first obtained prior express consent from the person called.

5. 47 U.S.C. § 227(a)(1) defines ATDS as equipment having the capacity to store or produce telephone numbers to be called, and dialing numbers using a random or sequential number generator.

6. As detailed more fully hereinafter, Plaintiff alleges that 1&1 engages in a systematic and unified course of conduct of using ATDS to solicit business from persons with whom it has no prior business relationship, and that many of its calls are delivered to cellular telephones.

7. By enacting the TCPA, Congress sought to protect people from companies engaging in the precise sort of conduct as is alleged against 1&1 herein. On behalf of himself, and of all the tens of thousands of people throughout the nation similarly situated, Plaintiff seeks to halt 1&1 from continuing its intrusive and unlawful calling practices as fully described herein.

## JURISDICTION AND VENUE

8. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, as Plaintiff seeks up to $1,500.00 in damages for each call made to a cellular telephone by Defendant in violation of the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in the Southern District of California, and a substantial portion of the events or omissions giving rise to the case occurred in this District. 1&1 conducts business throughout the nation, including regularly conducting business in this

District.

## PARTIES

10. Plaintiff is an adult individual residing in Solana Beach, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

11. 1&1 is, and at all times mentioned herein was, a corporation with its principal place of business in Chesterbrook, Pennsylvania. Defendant is, and at all times herein mentioned was, a "person" as defined by 47 U.S.C. § 153(10), and regularly conducts business within this judicial district and throughout the nation.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Beginning in or around December of 2012, 1&1 called Plaintiff on his cellular telephone to solicit its internet webhosting services to him.

13. Plaintiff has no business relationship with 1&1 and never provided his cellular telephone number to 1&1.

14. 1&1 never had Plaintiff's prior express consent when it called him on his cellular telephone.

15. 1&1, and/or other entities that places calls on its behalf, uses a telephone system has the capacity to store or produce telephone numbers to be called, and to dial the numbers using a random or sequential number generator.

16. 1&1, and/or other entities that places calls on its behalf, called Plaintiff on his cellular telephone using ATDS.

17. When Plaintiff answered a call from 1&1, there was not a live person immediately available with whom Plaintiff could speak.

18. When 1&1 called Plaintiff, its telephone system did not connect his call to a live representative until such time as the system recognized that Plaintiff had answered the call.

19. It was only after Plaintiff said "hello" several times that Plaintiff heard a clicking sound, and then 1&1's phone system connected the call to a live representative with whom Plaintiff could speak.

20. Plaintiff informed a 1&1 representative that he was not interested in its services and directed 1&1 to cease calling his number.

21. Despite this, 1&1 continued to place telephone calls to Plaintiff on his cellular telephone as aforementioned.

22. 1&1 violated the TCPA by calling Plaintiff's cellular telephone using ATDS as aforementioned.

## CLASS ACTION ALLEGATIONS

23. Plaintiff does not stand alone in his allegations of 1&1's unlawful conduct, and as such brings this action not only for himself, but on behalf of the thousands of other persons nationwide who received unsolicited calls from 1&1 on their cellular telephones.

24. 1&1 is a worldwide corporation, and engaged in a massive calling

campaign to obtain new business. 1&1 is engaged in a systematic and unified course of conduct of using ATDS to make millions of unsolicited calls per year, regularly violating the privacy rights of persons nationwide who receive calls from 1&1.

25. By engaging in this massive calling campaign using ATDS, many of the unsolicited calls placed by 1&1 are delivered to cellular telephone numbers.

26. 1&1 places these calls to cellular telephones using ATDS, knowing that the person called had never requested that they be called by 1&1 and had never provided their cellular telephone numbers to 1&1.

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of itself and all others similarly situated (the "Class"), who were equally harmed by the aforementioned acts of Defendant within the last four years.

28. Plaintiff represents and is a member of the Class, whose members are defined as:

> **All persons within the United States who have no business relationship with 1&1 and received a telephone call from 1&1, or its employees and/or agents on their cellular telephone, and the was made using an automated telephone dialing system and without the recipient's prior express consent, and the call was not made for emergency purposes, within the four years prior to the filing of this Complaint.**

29. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors

and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

30. On behalf of the Class, Plaintiff expressly excludes damages for recovery based on personal injury and any claim related thereto, and seeks damages and injunctive relief only for economic injury.

31. Defendant harmed Plaintiff and the members of the Class by illegally contacting Plaintiff and the Class members on their cellular telephones, invading their privacy and causing charges to be incurred, or by reducing cellular telephone time for which Plaintiffs and the Class members previously paid in having to retrieve or administer messages left by Defendant during the aforementioned calls. Plaintiff and the Class members were damaged thereby.

32. 1&1 engaged in an organized program of routinely placing calls to cellular telephone numbers using ATDS belonging to thousands of persons throughout the United States without their prior express consent and not for emergency purposes. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable, and the disposition of their claims in the Class action will provide substantial benefits to the parties and the Court.

33. The exact number and identities of the Class members are unknown at

this time; however can be readily ascertained through discovery. Identification of the Class members can be had from Defendant's or its agents' records.

34. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

35. The following questions of law and fact predominate over questions that might affect individual Class members and are ripe for determination:

  a. Whether Defendant placed calls using ATDS to Plaintiff and to Class members on their cellular telephones within the four years prior to the filing of this complaint, without the prior express consent of the recipient;

  b. Whether Defendant engages in an organized and systematic program of routinely placing calls to solicit new customers using ATDS, and what number of these calls are made to cellular telephone numbers;

  c. Whether Defendant's conduct was knowing and willful, and/or negligent;

  d. Whether Defendant is liable for damages, and the amount of such damages; and

  e. Whether Defendant should be enjoined from such conduct in the future.

36. Plaintiff's claims are typical of the claims of the Class. Like Plaintiff,

1&1 regularly and systematically used ATDS to solicit new business to cellular telephones belonging to all members of the class, none of whom had provided their consent to be called, and as such each of the claims arise from the same or a substantially similar type of unsolicited call.

37.   The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant engages in a systematic program to use ATDS to solicit new business to cellular telephones without prior express consent, Plaintiff and the Class members will have identical and typical claims capable of being efficiently adjudicated and administered in this case.

38.   Plaintiff will fairly and adequately represent and protect class interests, and has no antagonistic interests regarding any Class members.

39.   All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

40.   Plaintiff and the Class members have suffered irreparable harm as a result of Defendant's wrongful and illegal conduct. The Class will continue to face potential harm absent a class action.

41.   Without this class action, 1&1 will likely proceed without penalty and will continue this widespread unlawful conduct.  Defendant cannot otherwise be induced to comply with the TCPA in the absence of class-wide damages. The class action, therefore, is a superior vehicle for the fair and efficient adjudication of this

controversy.

42. Most members of the Class would find the cost of litigating their claims prohibitive in the absence of a class action, and therefore few Class members could seek individual legal redress for the wrongs perpetrated by Defendant.

43. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

44. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action. The interest of the Class members in prosecuting individual claims against Defendant is small because the statutory damages in an individual claim for violation of privacy is minimal. Additionally, management of these claims as a class is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

45. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interests of all other Class members.

46. Management of this class action is unlikely to present any difficulties. Based on the alleged systematic and continuous conduct in using ATDS to place

unsolicited calls to cellular telephones, this case is suitable and appropriate for class treatment. California courts have certified classes in TCPA actions.

### COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. Defendant negligently placed multiple calls using ATDS to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

49. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

50. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

### COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

52. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. Defendant placed calls using ATDS to cellular numbers belonging to Plaintiff and the other members of the Class knowing that it had not first obtained consent to call these numbers, and therefore the calls were made in knowing and/or willful violation of the TCPA.

54. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of $1500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B), or $1500.00 for each call made in knowing and/or will violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

3. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

4. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 9, 2013          TAMMY HUSSIN

By: _/s/   Tammy Hussin_
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Trevelyan Fugere

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2013, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court Southern District of California Electronic Document Filing System (ECF) and that the document is available on the ECF system.

By: __/s/  Tammy Hussin__
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Trevelyan Fugere